**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| V. | : DOCKET NO. 3:03CR159(EBB) |
| AVERY HANSLEY | : NOVEMBER 5, 2004 |

**DEFENDANT'S SENTENCING MEMORANDUM**

The defendant, Avery Hansley, pled guilty on August 24, 2004 to Possession With Intent to Distribute and Distribution of Cocaine Base, in violation of 21 U.S.C. §§841(a)(1), and 841(b)(1)(CA)(iii). Sentencing is scheduled for December 1, 2004.

The penalty for the above offence carries a maximum of life imprisonment with a 10 year mandatory minimum; maximum of Four Million Dollar fine, with five years supervised release and a One Hundred Dollar special assessment.

Defendant is presently under pre-trial release and has been in compliance with the conditions of his release. The defendant has fully accepted responsibility for the offense and timely notified the Government of his intention to plead guilty. In addition, defendant is eligible for the Safety Valve pursuant to §5C1.2 and defendant has truthfully provided to the Government all information and

evidence the defendant has concerning the offense that was part of the same course of conduct or of a common scheme or plan.

The base offense level is 34 with a 3 level reduction for Acceptance of Responsibility and timely notifying the Government of his intention to plead guilty. In addition, were the Court to grant Safety Valve there would be an additional 2 level reduction resulting in an offense level of 29. The guideline range for an offense level of 29 is 87-108 months. Should the Court grant Safety Valve, the Court could then impose a sentence without regard to any statutory minimum sentence. The defendant respectfully requests that the Court grant Safety Valve and also grant the defendant a downward departure pursuant to §5K2.0 and impose a sentence outside the range established by the applicable guidelines in that there exists mitigating circumstances both of a kind and to a degree not adequately taken into consideration in formulating the guidelines:

1. The defendant has assumed responsibility for taking care of his ailing mother who lives in one of his buildings rent free.

2. The defendant has a relationship with Carla Waller. They have two children, ages 15 and 11. The defendant provides for their care and has an active daily relationship with them.

3. The defendant has an 11 year old child from a relationship with Armita Broughton. The defendant provides for the child financially through support orders and with an

       additional $200.00 to $300.00 per month.

4.     The defendant has a 10 year old son from a relationship with Melissa Prince.  Ms. Prince suffers from Amyotrophic Lateral Sclerosis (ALS).  The defendant provides constant care for Ms. Prince, including helping her eat and dress in the morning, getting her off to work, picking her up from work and caring for her by preparing meals, bathing and assisting her in going to bed.  He also provides similar assistance to this 10 year old son.  Further, the defendant provides on average $150.00 per week financial support.

5.     The defendant owns five rental properties.  He alone does the maintenance on these properties.

   The degree to which the defendant assumes responsibility for others "is present to an unusual degree and distinguishes (this) case from the heartland cases covered by the guidelines." §5K2-0 Policy Statement.  Given the extraordinary combination of responsibilities the defendant has regarding his personal relationships plus his business investments which support these relationships, a downward departure would conform with the "statutory purposes of sentencing" while still providing for punishment, general deterrence and rehabilitation.

The defendant is also respectfully requesting that his sentence include a recommendation from the Court that the defendant be placed in the 500 hour drug program and that he be permitted to self-surrender on Monday, January 10, 2005.

DEFENDANT,

BY _____
NICHOLAS P. CARDWELL, ESQ.
CARDWELL, CARDWELL & SMORAGIEWICZ
108 OAK STREET
HARTFORD, CT 06106
(860) 278-6370
FED BAR NO. ct06573

**CERTIFICATION**

      The undersigned hereby certifies that a copy of the foregoing has been mailed, postage prepaid, to the following on this 5th day of November, 2004:

Michael Gustafson, AUSA
Office of the United States Attorney
157 Church Street, 23rd Floor
New Haven, Connecticut 06510

Jennifer L. Amato, United States Probation Officer
450 Main Street, Room 735
Hartford, Connecticut 06103


_____
NICHOLAS P. CARDWELL, ESQ.