UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| V. | : DOCKET NO. 3:03CR159(EBB) |
| AVERY HANSLEY | : JANUARY 7, 2005 |

**RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM**

The defendant, Avery Hansley, through counsel, hereby submits his response to the Government's sentencing memorandum.

It is clear from the case law that the sentencing judge can depart downward based solely on family circumstances provided those family circumstances are extraordinary. "If the Commission had intended an absolute rule that family circumstances may never be taken into account in any way, it would have said so. '[t]he clear implication of section 5H1.6 is that if the court finds that the circumstances related to family ties and relationships are extraordinary, it is not precluded as a matter of law from taking them into account in making a downward departure.'" U.S. v. Johnson, 964 F.2d 124 (2nd. Cir.1992) quoting U.S.v. Sharpsteen, 913 F.2d 59, 63 (2d Cir. 1990).

Notwithstanding the Guidelines, the sentencing judge has discretion to depart downward. "The test of discretion asks whether the circumstances relied upon to justify a downward departure are so far removed from those found exceptional in existing case law that the sentencing court may be said to be acting outside permissible limits; then, and only then, should we rule it has misused its

discretion." <u>United States v. Galante</u>, No. 96-1464 (2nd. Cir. 1997) A comparison of what the defendant argues are extraordinary circumstances in the instant matter are not "so far removed" from extraordinary circumstances in existing case law as to suggest a misuse of discretion. The family circumstances of the defendant, Avery Hansley, taken alone, are extraordinary. In addition to family circumstances, the defendant has the unusual circumstance of attempting to maintain five rental properties in order to support the family commitments he has assumed. It is respectfully suggested that the Court view the facts regarding the defendant's circumstances differently from the Government's analysis of defendant's circumstances. Specifically:

    a.    In paragraph 35 of the Pre-Sentence Report, the defendant's mother is quoted as stating that the defendant "takes good care of her". The Government argues in its memorandum that there are six other siblings in the Hartford area and suggests that they can provide assistance. However, not only does the Government have no information that these other siblings would provide assistance to the mother, none of them responded to the probation officer's attempt to make contact. In addition, the majority of these siblings live in property owned and maintained by the defendant and, given their modest income, receive consideration from the defendant on their rental amounts.

    b.    The Government also argues that the defendant will be able to continue to generate income from his rental properties while incarcerated. This argument is flawed in that the defendant maintains the properties and would need to hire a property manager whose salary would presumably equate to the income the defendant would otherwise

        earn for himself.  Further, the defendant has a much greater interest in preserving his rental properties than a non-owner manager.

c.    In paragraph 49 of the Pre-Sentence Report, Ms. Waller described the defendant as a good person "who is an excellent provider".  She also reported that the defendant "is an active parent, is involved with his children on a daily basis and provides for them financially".  The defendant and Ms. Waller have two children, ages 15 and 11. Notwithstanding the Government's argument that these children will continue to live with their mother and that the mother is employed full time, it is clear from Ms. Waller that she relies on the financial assistance of the defendant and that the children rely on an active daily contact with the defendant.

d.    In paragraph 51 of the Pre-Sentence Report, Ms. Broughton reported that the defendant is a "good father" and "provides for his son financially through legal child support orders".  In addition, Ms. Broughton indicated that the defendant provides an additional $200.00 to $350.00 per month and is "a very helpful person who is her support system".  The defendant and Ms. Broughton have an 11 year old child.

e.    In paragraph 55 of the Pre-Sentence Report, Ms. Prince reported "that the defendant helps her with their son, cleaning, cooking, bathing, doctors appointments and other day to day activities" and although she is residing with her aunt who "helps when she can" the defendant "is her sole care taker" and although there are no legal child support orders the defendant "buys their son school clothes and groceries" and "on average, he provides her approximately $150 per week".  The defendant and Ms.

    Prince have a 10 year old son.  Contrary to the Government's view of this circumstance, both Ms. Prince and the 10 year old boy will be significantly deprived of physical and emotional assistance in addition to the financial assistance provided by the defendant.  In addition, were Ms. Prince to go to a care facility, the child would be without mother or father.

 As in Galante, the Government has drawn inferences from the facts "markedly different" from those the defendant is urging this Court to draw.  The facts as presented by the defendant clearly are extraordinary and "exceptional to a degree sufficient to take the case out of the heartland".  Galante, supra.  In addition, the beneficiaries of any downward departure would be the above "vulnerable" and "dependent"  individuals whom the defendant has "demonstrated long-term financial and emotional commitments".  Galante, supra quoting Londono, 76 F.3d at 36.  As in those cases and the instant matter, "the reduction or elimination of time to be served in prison (would permit) the (defendant) to continue to discharge (his) existing family responsibilities, (avoiding) putting the families on public assistance and ( spare) traumatizing the vulnerable emotions of (defendant's) children".  Galante, supra.

For the above reasons, the defendant respectfully requests that the Court determine his family and other circumstances to be extraordinary and depart downward.

DEFENDANT,

BY _____
NICHOLAS P. CARDWELL, ESQ.
CARDWELL, CARDWELL & SMORAGIEWICZ
108 OAK STREET
HARTFORD, CT 06106
(860) 278-6370
FEDERAL JURIS NO.  ct06573

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing has been sent via facsimile to the following on this 7th day of January, 2005:

Michael Gustafson, AUSA
Office of the United States Attorney
157 Church Street, 23rd Floor
New Haven, Connecticut 06510

Jennifer L. Amato, United States Probation Officer
450 Main Street, Room 735
Hartford, Connecticut 06103

_____
Nicholas P. Cardwell, Esq.