# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

**JUDGMENT IN A CRIMINAL CASE**

**UNITED STATES OF AMERICA**

    v.     CASE NO. 3:03cr159(EBB)

**AVERY HANSLEY**     **MICHAEL GUSTAFSON**, Assistant U.S. Attorney
a/k/a FOO
**12 Alexander Road**
**Bloomfield, CT 06002**     **NICHOLAS CARDWELL**
SSN:     DOB:     Defendant's Attorney

The defendant pled guilty to count **1** after a plea of not guilty.  Accordingly, the defendant is adjudged guilty of count **1,** which involves the following offense:

Title & Section: **21:841(a)(1) & 841(b)(1)(A)(iii)**     Count: **1**
Nature of Offense: **Possession with Intent to Distribute & Distribution of 50 grams or more of Cocaine Base**
Date Offense Concluded: **2/27/03**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of: **87 months.** Upon release from custody, the defendant shall be on supervised release for a term of **5 years.** Special Conditions of Supervised Release include: **Defendant shall participate in a substance abuse treatment program, either in or out patient, as deemed necessary by the United States Probation Office (USPO) as a result of drug testing.  Defendant shall pay some or all of the costs of treatment as directed by the USPO.**  The court recommends to the Bureau of Prisons: **The Court recommends that defendant be allowed to participate in the 500 hour drug treatment program.**  The defendant shall voluntarily surrender to the U.S. Marshal for this district on **February 7, 2005 by 10:00 a.m. in Hartford**, or at such other time and place as designated by the Bureau of Prisons.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

In addition to the special conditions of supervised release imposed above, it is hereby ordered that the conditions of supervised release set out on the reverse side are imposed.

It is ordered that the defendant shall pay a Special Assessment of **$100.00,** for count **1** which shall be due **immediately.**

    **January 10, 2005**
    Date of Imposition of Sentence


    Ellen Bree Burns, United States District Judge
    Date: **January 10, 2005**

*CERTIFIED AS A TRUE COPY*
*ON THIS DATE* _____
*Kevin F. Rowe, Clerk*
*BY:* _____
    *Deputy Clerk*

# CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ☐ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ☐ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**The defendant shall also report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.


_____
John F. Bardelli
United States Marshal


By:_____
   Deputy Marshal